# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Sheila P. Rutledge, | Civil Action No.: 3:19-cv-03368-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Sumter County School District; Nicholas Pearson, Terrance Scriven, in their individual and official capacities, | |
| Defendants. | |

Plaintiff Sheila P. Rutledge filed this action against Defendants Sumter County School District ("SCSD"), Nicholas Pearson, and Terrance Scriven (collectively "Defendants") alleging that she was subjected to discrimination because of her sex (gender) and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17, and 42 U.S.C. § 1981. (ECF No. 1-1 at 5 ¶ 23–8 ¶ 49.) Plaintiff also alleges a claim titled "Continuing Action." (*See id.* at 8 ¶ 50–9 ¶ 60.)

This matter is before the court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On June 9, 2020, the Magistrate Judge issued a Report and Recommendation (ECF No. 19) in which she recommended that the court grant Defendants' Motion to Dismiss and dismiss the Amended Complaint. (*Id.* at 14.) Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the court. (ECF No. 20.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss.

1

I.      RELEVANT BACKGROUND OF THE MATTER

The facts of this matter are discussed in the Report and Recommendation. (*See* ECF No. 19 at 1–2.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein additional facts viewed in the light most favorable to Plaintiff that are pertinent to the analysis of his claims.

Plaintiff alleges that she is "an African American Certified Special Education Teacher" who "started working with the Sumter County School District" in 2006. (ECF No. 1-1 at 3 ¶¶ 7–8.) In July 2013, Plaintiff contends that she "was promoted to the position as a Special Education Teacher and Dance Instructor at Sumter High School." (*Id.* ¶ 9.) Plaintiff further contends that on September 12, 2015, Defendant Pearson, the principal of Sumter High School, allegedly insinuated that Plaintiff was a stripper telling her that he did not want "strip pole dancing[] at Sumter High School." (*Id.* ¶¶ 10, 11.) Sometime thereafter, Plaintiff alleges that Defendant Scriven, the athletic director at Sumter High School, required her "to change the name of the dance team [and] embarrassed Plaintiff by removing the advertisement for new dancers from the school notice boards." (*Id.* ¶ 4, at 4 ¶ 12.) Plaintiff alleges that as a result of the conduct of Defendants Pearson and Scriven, she complained to the SCSD. (*See id.* at 4 ¶ 14.) After Plaintiff made her complaint, she alleges that the SCSD failed to either address Pearson's stripper comment or provide a copy of the results of any investigation into her complaint, forced Plaintiff to resign from her dance instructor position, moved Plaintiff from her position as a special education teacher in the high school to a crowded elementary school position, and failed to accommodate her doctor's medical instructions. (*Id.* ¶¶ 13–20.)

In response to the foregoing, Plaintiff asserts that she filed a formal charge with the South

Carolina Human Affairs Commission and the United States Equal Employment Opportunity Commission ("EEOC"), was issued a right to sue letter, and filed an action on October 14, 2019, in the Court of Common Pleas for Sumter County (South Carolina). (*See* ECF No. 20 at 1, 3.) On October 17, 2019, Plaintiff filed an Amended Complaint alleging claims for sex discrimination and retaliation in violation of Title VII and § 1981, and continuing action. (*See* ECF No. 1-1 at 5 ¶ 23–9 ¶ 60.) After removing the matter to this court on December 2, 2019 (ECF No. 1), Defendants filed their Motion to Dismiss on December 9, 2019. (ECF No. 5.) Plaintiff filed opposition to the Motion to Dismiss on February 6, 2020. (ECF No. 8.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 (D.S.C.), the Magistrate Judge, after reviewing the parties' submissions, issued a Report and Recommendation on June 9, 2020, recommending that the court grant Defendants' Motion to Dismiss. (ECF No. 19.) On June 18, 2020, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 20.) The court considers the merits of Plaintiff's Objections to the Report and Recommendation below.

## II.     JURISDICTION

This court has jurisdiction over Plaintiff's Title VII claims via 28 U.S.C. § 1331, as they arise under the laws of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII. The court also has jurisdiction over this matter pursuant to § 1331 based on Plaintiff's claims under 42 U.S.C. § 1981, which guarantees the rights of a protected class of individuals "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, . . . ." The court may properly hear Plaintiff's claim for continuing action based on supplemental jurisdiction since this claim is "so related to claims

3

in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367(a).  *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (finding supplemental jurisdiction allows parties to append state law claims over which federal courts would otherwise lack jurisdiction to federal claims, so long as "[t]he state and federal claims . . . derive from a common nucleus of operative fact"); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1152 (D.N.M. 2015) ("The court can then exercise supplemental jurisdiction over other claims and parties that 'form part of the same case or controversy under Article III . . . .'" (citing 28 U.S.C. § 1367, U*nited Mine Workers*, 383 U.S. at 725)).

### III. LEGAL STANDARD

A.   The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

B.   Motions to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  *Francis v. Giacomelli*, 588 F.3d

186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### IV.    ANALYSIS

A.    The Report and Recommendation

Upon her review, the Magistrate Judge observed that because § 1981 "does not address discrimination based on sex and cannot form the basis of a cause of action for sex discrimination,"

5

the court should dismiss Plaintiff's claims of gender-based discrimination or retaliation pursuant to § 1981. (ECF No. 19 at 6.) The Magistrate Judge next observed that the court should dismiss individual Defendants Pearson and Scriven from the action because (1) "Title VII does not provide causes of action against [D]efendants in their individual capacities" and (2) Plaintiff failed to plead claims under § 1981 that they intentionally discriminated or retaliated against her due to her race or color. (*Id.* at 7–8.) The Magistrate Judge further observed that the Amended Complaint generally lacked sufficient details to establish claims for gender discrimination or retaliation. (*Id.* at 11–12.) Finally, the Magistrate Judge observed that there is "no separately actionable claim for 'continuing action,'" and even if there was one, "Plaintiff has not set out a plausible 'continuing action' claim." (*Id.* at 14.)

B.     Plaintiff's Objections

Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation (ECF No. 20). Upon its review of the Objections, the court observes that Plaintiff's disagreement with the Report falls into two (2) separate categories. First, Plaintiff argues that the Magistrate Judge did not utilize the correct standards applicable to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure and "applied what amounted to a heightened pleading requirement by insisting that Plaintiff allege 'specific facts' beyond those necessary to state her claim and the grounds showing entitlement to relief." (ECF No. 20 at 5, 7, 11, 14, 16.) Second, Plaintiff argues that the allegations in her Amended Complaint were not properly considered because she "presented short and plain statements" that satisfy the pleading requirements acknowledged by the United States Supreme Court in *Swierkiewixz v. Sorema N.A.*, 534 U.S. 506 (2002). (ECF No. 20 at 6, 8, 10, 13, 14, 15, 16.) As a result of the foregoing, Plaintiff asserts that she should be allowed to proceed with her case and Defendants' Motion to Dismiss should be denied by the court. (*Id.* at 16.)

6

C.   The Court's Review

The court considers Plaintiff's specific objections relevant to each of her claims below.

*1. Sex Discrimination*

In her first claim, Plaintiff alleges that she was discriminated against because of her sex (gender). (*See, e.g.*, ECF No. 1-1 at 5 ¶¶ 24–28.)

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class, or there is some other evidence giving rise to an inference of unlawful discrimination. *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010); *Cason v. S.C. State Ports Auth.*, C/A No. 2:11-2241-RMG-BM, 2014 WL 588031, at *4 (D.S.C. Jan. 7, 2014) (citations omitted). At the motion to dismiss stage, a plaintiff need not carry the ultimate burden of establishing a prima facie case for discrimination, but does have to "set forth sufficient factual matters to state a plausible claim for intentional discrimination based on [p]laintiff's gender." *Taylor v. Sci. Applications Int'l Corp.*, C/A No. 2:12-0659-RMG-BM, 2012 WL 5292900, at *7 (D.S.C. Aug. 14, 2012).

Upon review of the Amended Complaint, the court observes that Plaintiff states allegations demonstrating that she is female (ECF No. 1-1 at ¶¶ 17, 18), she was performing her job satisfactorily (*id.* at 6 ¶ 32, 8 ¶ 52), she suffered adverse employment actions to include the loss of specified job opportunities (*id.* at 4 ¶ 16), and there was a male who was treated differently creating

an inference of discrimination. (*See id.* ¶ 17.) Therefore, if Plaintiff's allegations are accepted as true, the court concludes that, "for the purposes of the standard under a motion to dismiss, Plaintiff has alleged sufficient facts to state a cause of action as to a Title VII sex/gender discrimination case." *Bennett v. Wilson Senior Care, Inc.*, Civil Action No.: 4:17-CV-02798-RBH, 2018 WL 4443118, at *3 (D.S.C. Sept. 18, 2018). Therefore, the court denies Defendants' Motion to Dismiss as to Plaintiff's claim for sex discrimination.

*2. Violation of § 1981*

In her second claim, Plaintiff invokes 42 U.S.C. § 1981 as a basis for asserting that Defendants treated her differently because of her sex. (*See* ECF No. 1-1 at 6 ¶¶ 30–36.)

Section 1981 provides, in pertinent part, "All persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981(a). Plaintiff cannot bring cognizable sex discrimination claims under § 1981 based upon the plain language of the statute. *See id.* *See also Dixon v. City of Winston Salem*, No. 94-1708, 1995 WL 1536, at *1 (4th Cir. Jan.3, 1995) ("Protection against racial discrimination in the making and enforcement of contracts is provided by 42 U.S.C. § 1981."). Accordingly, the court finds that Plaintiff's claim of sex discrimination under § 1981 should be dismissed because it fails to state a claim upon which relief can be granted. *See Crites v. Kaiser Aluminum and Chemical Corp.*, No. 91–1231, 1992 WL 64873, at *1 (4th Cir. April 3, 1992) (§ 1981 does not protect against discrimination based on sex (citing *Runyon v. McCrary*, 427 U.S. 160, 167 (1976))).

*3. Retaliation under Title VII and § 1981*

Plaintiff alleges in her third cause of action that Defendants violated Title VII and § 1981 by retaliating against her. (ECF No. 1-1 at 7 ¶ 37–8 ¶ 49.)

Title VII protects individuals from retaliation. *See* 42 U.S.C. § 2000e-3(a). More

8

specifically, "Title VII proscribes discrimination against an employee because, in relevant part, she 'has opposed any practice made an unlawful employment practice by this subchapter, . . . .'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (quoting 42 U.S.C. § 2000e-3(a)). Generally, to establish a prima facie case of retaliation under Title VII when direct evidence is unavailable, a plaintiff must show (1) that she engaged in protected activity[1]; (2) that her employer took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the asserted adverse action. *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997). "A prima facie retaliation claim under 42 U.S.C. § 1981 has the same elements." *Boyer-Liberto*, 786 F.3d at 281 (citing *Honor v. Booz–Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004)). However, a plaintiff need not establish a prima facie case in order to survive a motion to dismiss. "[S]he must proffer factual allegations sufficient to raise a plausible claim that Defendants [] retaliated against h[er] because [s]he engaged in protected activity." *Adams v. City of Georgetown*, C.A. No. 2:18-cv-02249-RMG-MGB, 2019 WL 7195561, at *6 (D.S.C. Aug. 14, 2019) (citing *Twombly*, 550 U.S. at 555 (holding that to survive a motion to dismiss, a plaintiff need only set forth allegations that raise a "reasonable expectation" that discovery will reveal evidence of necessary elements of the prima facie case)).

In the Amended Complaint, Plaintiff alleges that she complained about discriminatory conduct by Pearson and Scriven to the SCSD that was based on Plaintiff's sex and the SCSD retaliated against Plaintiff after receiving her complaints. (*See* ECF No. 1-1 at 3 ¶ 7–5 ¶21, 7 ¶ 37–8 ¶ 49.) Accepting Plaintiff's allegations as true, the court finds that (1) she fails to state a claim for retaliation under § 1981 because "a retaliation claim under Section 1981, [] must be

---

[1] "In the context of element one of a retaliation claim, an employee is protected when she opposes 'not only . . . employment actions actually unlawful under Title VII but also employment actions [she] reasonably believes to be unlawful.'" *Boyer-Liberto*, 786 F.3d at 282 (quoting *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005)).

based on race discrimination"; and (2) Defendants' alleged conduct is sufficient to raise a plausible claim of Title VII retaliation based on sex discrimination to survive a motion to dismiss. *Taylor v. Fluor Corp.*, C/A No. 6:17-cv-1875-BHH-KFM, 2019 WL 6120063, at *15 (D.S.C. July 17, 2019). Therefore, the court finds that Defendants are not entitled to dismissal of Plaintiff's claim for retaliation based on sex discrimination.

4. *Claim of Continuing Action*

Plaintiff titled her fourth and final claim "continuing action." (*See* ECF No. 1-1 at 8.)

In their Motion, Defendants asserted that the Amended Complaint does not establish the essential elements of a continuing action claim. (*See* ECF No. 5-1 at 4.) To this point, the court observes that it agrees with the Magistrate Judge that it is entirely unclear what authority establishes the viability of a claim for continuing action. Generally, "continuing action" is a box that a complainant checks on the EEOC's Charge of Discrimination Form 5 and acts as an exception to Title VII's limitations period. *See Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993) ("Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." (citation omitted)); *Selected EEOC Forms*, https://www.eeoc .gov/selected-eeoc-forms (last visited Sept. 23, 2020). Therefore, based on its research in conjunction with the Magistrate Judge's similar observations, the court is unable to conclude that continuing violation is a cognizable legal claim. Accordingly, the court finds that Defendant are entitled to dismissal of Plaintiff's claim for continuing violation.

5. *Liability of Individual Defendants*

As an additional basis for dismissal, individual Defendants Pearson and Scriven argued

that "[t]here is no individual liability for violations of Title VII." (ECF No. 5-1 at 6 (citing *Baird ex rel Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *Lissau v. Southern Food Servs., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1989)).) The Magistrate Judge agreed "with Defendants Pearson and Scriven that Plaintiff's Title VII claims of discrimination and retaliation against them should be dismissed." (ECF No. 19 at 7 (citing *Lissau*, 159 F.3d at 180 (holding that supervisors are not liable in their individual capacities under Title VII violations because an "analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations."); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) ("Title VII . . . [does] not provide for causes of action against defendants in their individual capacities."); *Kelly v. QVC*, C.A. No. 4:17-cv-2858-RBH-KDW, 2018 WL 2057392, at *2 (D.S.C. May 3, 2018) ("Plaintiff cannot maintain claims against Defendants McGeary and George because they are individual employees of Defendant QVC, Plaintiff's employer."); *Johnson v. Recleim LLC*, C.A. No. 1:17-3317-DCC-PJG, 2018 WL 3235602, at *1 (D.S.C. Jan. 24, 2018) ("Because the individual defendants named in the Complaint . . . are not "employers" under Title VII, they should be dismissed from this action for Plaintiff's failure to state a claim against them upon which relief can be granted.")).) Moreover, upon this court's review of Plaintiff's Objections, she did not provide any legal argument or citation to case law that allows for individual liability under Title VII. Therefore, the court finds that Plaintiff's Title VII claims against individual Defendants Pearson and Scriven should be dismissed for failure to state a claim.

## V.     CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss (ECF No. 5) of Defendants Sumter County School District, Nicholas Pearson,

11

and Terrance Scriven. More specifically, the court **SUSTAINS IN PART** Plaintiff's Objections[2] (ECF No. 20), **CONCLUDES** that Plaintiff has sufficiently alleged claims against Defendant Sumter County School District for sex discrimination and retaliation in violation of Title VII, but **DISMISSES** without prejudice all other claims. The court **ACCEPTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 19) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 25, 2020
Columbia, South Carolina

---

[2] The court observes that subsequent to filing Plaintiff's Objections, Plaintiff's counsel filed a Motion for Release with Consent as Counsel for Sheila P. Rutledge. (ECF No. 25.) In this Motion, Plaintiff's attorney moves the court to allow her to withdraw from representing Plaintiff as the result of a "toxic attorney/client" relationship in which Plaintiff refuses counsel's advice. (*Id.* at 1.) Local Rule 83.I.07(D.S.C.) provides that an attorney can withdraw from representation with leave of court if she files a motion that (1) includes "the mailing address and telephone number for the party" and (2) has attached "a certification that the party has been provided a copy of the motion and an explanation of the party's right to object to withdrawal." Upon the court's review, it does not appear that counsel provided Plaintiff with a copy of the instant Motion, conveyed to Plaintiff that she could object to the Motion, and the date to file such opposition as required by Local Rule 83.I.07(B)(D.S.C.). As a result, the court **DENIES WITHOUT PREJUDICE** the Motion for Release with Consent filed by Plaintiff's attorney. (ECF No. 25.)